**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DEBBIE MIRANDA CRENSHAW**                                               **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO.: 4:17-CV-063-DMB-JMV**

**MONTGOMERY COUNTY, MISSISSIPPI
and MONTGOMERY COUNTY SHERIFF'S
DEPARTMENT**                                                 **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

**FIRST AMENDED COMPLAINT**

---

This is an action to recover actual damages and injunctive and declaratory relief for violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973, and actual and liquidated damages for violation of the Family Medical and Leave Act. The following facts support the action:

1.

Plaintiff DEBBIE MIRANDA CRENSHAW is an adult resident of Post Office Box 421, Kilmichael, Mississippi 39747.

2.

Defendant, MONTGOMERY COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi. It is the same legal entity as the MONTGOMERY COUNTY SHERIFF'S DEPARTMENT. Out of an abundance of caution, Plaintiff names both as Defendants, although Montgomery County, Mississippi is the same entity as the Montgomery County Sheriff's Department. This Defendant may be served with process by personal service upon its Chancery

Clerk, Ryan Wood, 614 Summit Street, Suite 1, Winona, Mississippi 38967, and upon Sheriff Jerry C. "Bubba" Nix at 614 Summit Street, Winona, Mississippi 38967.

3.

This Court has federal question jurisdiction under 28 U.S.C.A. § 1331, and has civil rights jurisdiction under 42 U.S.C.A. § 1343, to redress claims arising under the Rehabilitation Act of 1973, 29 U.S.C.A. § 794(a), under the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101, *et. seq.*, and under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, Defendants receive various federal funds and grants.

4.

Plaintiff was employed by Defendants for sixteen (16) years.

5.

For unknown reasons, Plaintiff temporarily lost her ability to speak. Nevertheless, Plaintiff could do her job as a secretary/receptionist. She could and did perform her job, with reasonable accommodation, by utilizing notes for communication and by having incoming calls transferred to the dispatcher's office. Nevertheless, on October 11, 2016, the Montgomery County Sheriff notified Plaintiff that she could resign or be terminated due to her medical condition. Plaintiff received official notification on October 17, 2016, that her employment would end effective October 31, 2016. Plaintiff explained to Defendant that she had an appointment at Vanderbilt University that same month (October) and there was a possibility that Vanderbilt would be able to restore her voice. Plaintiff wanted the sheriff to wait until after she had the appointment to make a final decision. The sheriff refused this request for reasonable accommodation, and told Plaintiff that she was terminated.

6.

In fact, Plaintiff did have certain prescribed exercises at Vanderbilt University, which were successful in restoring Plaintiff's voice. Plaintiff has had her voice restored since approximately December 2016.

7.

Defendants Montgomery County Sheriff's Department and Montgomery County, Mississippi are liable to Plaintiff for discrimination against her on grounds of her temporary disability (loss of her voice). The temporary inability to speak was a "disability" within the meaning of the Americans with Disabilities Act, and within the meaning of the Rehabilitation Act of 1973.

8.

Further, Defendants provide FMLA leave for employees with serious medical issues. Defendants were aware that Plaintiff had a serious medical issue that it claims prevented her from doing her job, but did not offer her FMLA leave instead of firing her.

9.

Plaintiff has suffered lost income and mental anxiety and stress as a result of her discharge.

10.

Plaintiff has filed her EEOC Charge, attached hereto as Exhibit "A," and received the Right to Sue Letter, attached hereto as Exhibit "B."

**REQUEST FOR RELIEF**

Plaintiff requests actual damages for lost income and mental anxiety and stress, and liquidated damages because Defendants' actions were willful, in an amount to be determined by a jury, reinstatement and reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 22nd day of September, 2017.

                DEBBIE MIRANDA CRENSHAW, Plaintiff

      By:   */s/ **Ron L. Woodruff***
              Jim Waide, MS Bar No. 6857
              waide@waidelaw.com
              Ron L. Woodruff, MS Bar No. 100391
              rlw@waidelaw.com
              WAIDE & ASSOCIATES, P.A.
              Post Office Box 1357
              Tupelo, MS 38802-1357
              (662) 842-7324 / Telephone
              (662) 842-8056 / Facsimile

              ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**Rebecca Jordan Blunden, Esq.**
**Copeland, Cook, Taylor & Bush, P.A.**
**P.O. Box 6020**
**Ridgeland, MS 39158-6060**
**rblunden@cctb.com**
**tcouey@cctb.com**

**Kimberly S. Rosetti, Esq.**
**Copeland, Cook, Taylor & Bush, P.A.**
**P.O. Box 10**
**Gulfport, MS 39502-0010**
**krosetti@cctb.com**
**pmorgan@cctb.com**

DATED, this the 22nd day of September, 2017.

                                  */s/ Ron L. Woodruff*
                                  RON L. WOODRUFF